UNITED STATES DISTRICT COURTJS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04256-JHN -RZx | Date | June 21, 2010 |
|---|---|---|---|
| Title | Tariq Bhatti v. US Bank et al. | | |

| Present: The Honorable | Jacqueline Nguyen | | |
|---|---|---|---|
| Alicia Mamer | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT (In Chambers)**

On June 9, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).

A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983).[1] In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345-46 (9th Cir. 1996); *see also id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Here, Removing Defendants argued in their Notice of Removal ("Notice") that Plaintiff's cause of action for Declaratory Relief is based on, "*among other things*, violations of 'the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C., Section 1637, and the Truth In Lending Action [sic] ("TILA"), 15 U.S.C. Section 1601-1667f, and Federal Reserve, Regulation-Z, 12 CFR 226.23(a)(3), and the Federal Trade Commission Act ("FTC"), 15 U.S.C. Sections 41–58[.]'" (Notice ¶ 5; emphasis added.) Rather than arguing that the cause of action "necessarily turns" on federal law, Removing Defendants incorrectly state the standard as follows: "[s]ince Plaintiff's claims arise *in part* from the laws of the United States, this Court has original jurisdiction over this

---

[1] The "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act . . . but [the Supreme Court] nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229 (1986).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04256-JHN -RZx | Date | June 21, 2010 |
|---|---|---|---|
| Title | Tariq Bhatti v. US Bank et al. | | |

action." (Notice ¶ 6; emphasis added.)  However, in addition to citing federal law, the Declaratory Relief cause of action cites state law provisions.  For example, Plaintiff alleges that "[p]ursuant to *Civil Code §1632*, the above referenced Promissory Note and Deed of Trust is therefore voidable and subject to statutory rescission and damages.  Plaintiff hereby demands statutory rescission and damages as provided by law."  (Compl. ¶ 11; emphasis added.)  It is clear from the face of the Complaint that TILA, and other federal statutes, are not the sole basis for Plaintiff's state law cause of action. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper").

Accordingly, this matter is hereby **REMANDED** to the Los Angeles Superior Court.  The pending Motion to Dismiss [4] is **DENIED** as **MOOT**.  <u>The hearing set for July 19, 2010 is hereby vacated</u>.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CSI | |